UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD CLEMONS          ) | |
| ) | |
| v.                       ) | CAUSE NO. 3:05-CV- 326 RM |
| ) | (Arising from 3:04-CR-00024(01)RM) |
| UNITED STATES OF AMERICA ) | |

OPINION AND ORDER

Richard Clemons filed his petition for a writ of habeas corpus under 28 U.S.C. § 2255 and the court directed the government to respond. The government has responded, but raises only the argument that Mr. Clemons waived his right to file a habeas petition in his plea agreement. In the event the court deems Mr. Clemons's waiver ineffective, the government asks for leave to file a supplemental brief.

The court's order directing the government to respond to the habeas petition didn't contemplate or invite a partial response as to one limited issue. The government's decision to base its response completely on the waiver language contained in Mr. Clemons's plea agreement troubles the court because it is not entirely clear that the waiver is effective. The plea agreement, which Mr. Clemons correctly characterizes as a contract, *see* United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), stated in subparagraph 9(c) that a violation of 18 U.S.C. § 922(g)(1) carries a maximum term of imprisonment of ten years. The following subparagraph, 9(d) contained this key language:

> I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) **as set forth in this plea agreement. With that understanding**, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. (Emphasis added).

The statutory maximum "as set forth in this plea agreement" was ten years' imprisonment. The phrase "[w]ith that understanding," which immediate precedes Mr. Clemons's waiver of his right to appeal or to file a habeas petition, seems to condition his waiver on the imposition of a sentence no longer than the ten year statutory maximum identified in the plea agreement. Yet Mr. Clemons wound up with a fifteen year sentence because he was found to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1). At least on its face, this discrepancy supports a plausible argument that the government breached its end of the bargain by arguing for—and obtaining—a sentence that exceeds the statutory maximum identified in the plea agreement. Because a "defendant who has signed a plea agreement has all the defenses he would have under contract law, plus some," United States v. Cook, 406 F.3d at 487-488, it is not altogether clear that Mr. Clemons's waiver remains valid.

Although the court has misgivings about granting the government's request for a bifurcated briefing process, these misgivings are outweighed by the overriding concern that this case be decided correctly on its merits. The government's initial period for responding to Mr. Clemons's habeas petition has

2

already passed. Accordingly, the court DIRECTS the government to supplement its response within 15 days of the entry of this order.

SO ORDERED.

ENTERED:   July 11, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court